UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ACUITY, a Mutual Insurance Company,

    Plaintiff,

v.      **ORDER**
      Civil File No. 11-1748 (MJD/LIB)

BRYAN C. JOHNSON, Individually and d/b/a BCJ,
and WESTERN NATIONAL MUTUAL INSURANCE COMPANY,

    Defendant.

Beth A. Jenson Prouty and James F. Mewborn, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Counsel for Plaintiff Acuity.

Aaron M. Simon and Rolf E. Sonnesyn, Tomsche Sonnesyn & Tomsche, P.A., Counsel for Defendant Bryan C. Johnson.

Patrick J. Boley, Paul A. Sand, Paula Duggan Vraa, and John M. Bjorkman, Larson King, LLP, Counsel for Defendant Western National Mutual Insurance Company.

**I.    INTRODUCTION**

This matter is before the Court on four motions in limine by Plaintiff Acuity, and four motions in limine by Defendant Western National Mutual Insurance Company. [Docket Nos. 52, 64] Defendant Bryan C. Johnson has not

1

filed any motions in limine and has not opposed or otherwise responded to any of the motions in limine pending before the Court. Also before the Court is Plaintiff Acuity's Motion to Dismiss Bryan C. Johnson, Individually and d/b/a BCJ. [Docket No. 74] Trial is set to start on April 29, 2013.

This Order addresses: (1) Plaintiff Acuity's first motion in limine to preclude Western National from seeking to reform Acuity's policy; and (2) Plaintiff Acuity's motion to dismiss Bryan C. Johnson, individually and d/b/a BCJ. For the reasons that follow, the Court will deny both motions.

The Court has taken the remaining motions under advisement.

## II. BACKGROUND

### A. Factual Background

This is an insurance coverage dispute involving commercial automobile insurance policies. On December 5, 2010, there was a motor vehicle accident at the intersection of US Highway 2 and 2d St. East in Proctor, Minnesota. Defendant Bryan Johnson was operating a 1986 International semi-tractor pulling a trailer owned by J&B Trucking when he collided with a vehicle driven by Penny Marlow. As a result of the accident, the trailer Johnson was pulling overturned, landed on Marlow's vehicle, and killed her.

Defendant Johnson was insured by Acuity under a commercial auto policy, number L34980. For an unknown time period before the 2010-2011 policy period, Acuity's policy covered Johnson's 1986 International semi-tractor. Acuity's policy shows that on or about the policy's renewal date of February 21, 2010, the 1986 International was removed from coverage and replaced with a 1987 International. There is a dispute over the circumstances of the removal of the 1986 International from the insurance policy, and whether Holden Duluth Agency, Acuity's local agent, had authority to remove the 1986 International.

J&B Trucking was insured by Western National under a commercial auto policy, number CPP 0019631 02, with a renewal policy period of June 28, 2010 to June 28, 2011. The policy provides liability limits of $1,000,000 per accident minus the deductible. The J&B trailer that Johnson was hauling at the time of the accident is alleged to be covered by this Western National policy.

The insurance companies dispute whether Acuity or Western National must provide insurance coverage to Johnson. Western National refused to defend Johnson in the underlying wrongful death action brought in St. Louis County, Minnesota (<u>Elizabeth Mascarenas and Ruth Burchett, as Co-Trustees for Next-of-Kin of Penny Neryne Marlow, decedent v. Bryan C. Johnson,</u>

individually and d/b/a BCJ and J&B Trucking, LLC, et al., Court File No. 69DU-CV-11-2640). Acuity defended Johnson under a reservation of rights and settled the liability lawsuit against Johnson for $561,000 on March 11, 2013. This settlement expressly reserved Acuity's rights to pursue indemnity, contribution, or any other cause of action available to it against Johnson and Western National.

B.  **Procedural History**

On July 1, 2011, Acuity filed a Declaratory Judgment in this Court against Johnson and Western National, which requests an Order and Judgment declaring, inter alia, that Western National provides the primary insurance coverage to Johnson and Acuity's policy did not provide coverage for the 1986 International operated by Johnson at the time of the accident. [Docket No. 1]

On March 15, 2013, at the settlement conference conducted by Magistrate Judge Brisbois, Acuity and Johnson reached a settlement of their issues in this coverage action. Acuity provided the Court with a copy of the settlement agreement on April 23, 2013, when it filed the present motion. The agreement is signed by Jim Schwartz, Senior Claims Adjuster at Acuity and Acuity's counsel, James Mewborn and dated April 15, 2013. To date, the agreement has not been signed by Johnson or his counsel.

4

## III. DISCUSSION

### A. Plaintiff Acuity's Motion to Preclude Western National from Seeking to Reform Acuity's Policy.

The Court denies Acuity's motion to preclude Western National from seeking to reform Acuity's policy. The parties' dispute centers on whether Acuity or Western National must provide insurance coverage to Johnson for the December 2010 accident. Western National has standing to challenge coverage issues under the Acuity policy as its coverage liability is dependent on whether and to what extent Acuity's policy provides coverage. See, e.g., Rhone-Poulenc, Inc. v. Int'l Ins. Co., 877 F. Supp. 1170, 1174 (N.D. Ill. 1995) (stating that "any declaration of the excess insurer's coverage liability necessarily depends on whether and to what extent the primary insurer covers the loss"), vacated on other grounds Rhone-Poulenc, Inc. v. Int'l Ins. Co., 71 F.3d 1299 (7th Cir. 1995). Acuity acknowledged that Western National has a tangible interest in the resolution of the coverage issues when it named Western National as a defendant in its declaratory judgment action. Acuity's settlement with Johnson does not alter Western National's standing on this issue. Carlson Marketing Group, Inc. v. Royal Indemnity Co., 517 F. Supp. 2d 1089, 1117 (D. Minn. 2007) (refusing to

give weight to a stipulation between policy holder and one of the excess insurers regarding the terms of the underlying insurance policy).

> **B. Plaintiff's Acuity's Motion to Dismiss Bryan C. Johnson, Individually and d/b/a BCJ.**

The Court denies Acuity's motion to dismiss Bryan C. Johnson, individually and d/b/a BCJ. Acuity moves the Court to dismiss Johnson from the case because: (1) the settlement agreement released Johnson from future liability and he has no continuing legal interest in the case, and (2) Johnson's participation at trial would be prejudicial.

As an initial matter, Acuity has not provided the Court with a fully executed settlement agreement between it and Johnson. Acuity appears to suggest to the Court in a footnote in its memorandum of law that the Court can "enforce a settlement agreement that contemplates the execution of a later written document." Sowada v. Luberts, No. 09-3320 (MJD/LIB), 2011 WL 1869208 (D. Minn. Mar. 28, 2011). There is no motion pending before this Court to enforce the settlement agreement. Further, there is no indication in the record before the Court as to why Johnson has not signed the agreement or if he now objects to any of the terms of the agreement.

Additionally, the settlement agreement does not resolve the cross-claims asserted by Western National against Johnson. Because of the outstanding cross-claims, Johnson has a right to participate at trial and have an attorney present. Finally, the Court is well-equipped to ensure that the case is tried efficiently and without the duplicated lines of questions that Acuity argues would be prejudicial to it.

Accordingly, based upon the files and records herein, **IT IS HEREBY ORDERED:**

1. Plaintiff Acuity's Motion to Preclude Western National from Seeking to Reform Acuity's Policy [Docket No. 64] is **DENIED.**

2. Plaintiff Acuity's Motion to Dismiss Bryan C. Johnson, Individually and d/b/a BCJ [Docket No. 74] is **DENIED.**

Date: April 26, 2013

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court