UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ACUITY, a Mutual Insurance Company,

       Plaintiff,

v.                       **ORDER**
                        Civil File No. 11-1748 (MJD/LIB)

BRYAN C. JOHNSON, Individually and d/b/a BCJ,
and WESTERN NATIONAL MUTUAL INSURANCE COMPANY,

       Defendants.

Beth A. Jenson Prouty and James F. Mewborn, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Counsel for Plaintiff Acuity.

Aaron M. Simon and Rolf E. Sonnesyn, Tomsche Sonnesyn & Tomsche, P.A., Counsel for Defendant Bryan C. Johnson.

Patrick J. Boley, Paul A. Sand, Paula Duggan Vraa, and John M. Bjorkman, Larson King, LLP, Counsel for Defendant Western National Mutual Insurance Company.

## I.    INTRODUCTION

This matter is before the Court on three motions in limine by Plaintiff Acuity, and four motions in limine by Defendant Western National Mutual

1

Insurance Company. [Docket Nos. 52, 64] This matter is also before the Court on Plaintiff Acuity's April 25, 2013 Letter to the Court requesting the Court to exclude certain portions of deposition transcripts. [Docket No. 82] Defendant Bryan C. Johnson has not filed any motions in limine and has not opposed or otherwise responded to any of the motions in limine pending before the Court. Trial is set to start on April 29, 2013.

## II. BACKGROUND

The factual background and procedural posture of this case are laid out in detail in the Court's April 26, 2013 Order on Acuity's first motion in limine and Acuity's motion to dismiss. [Docket No. 83]

## III. PLAINTIFF ACUITY'S MOTIONS IN LIMINE

### A. Plaintiff's Motion to Preclude Western National from Referencing Any Errors Allegedly Made by Holden Duluth Agency as Evidence to Suggest that Holden Made an Error When it Removed the 1986 and Added the 1987 Tractor to Johnson's Policy.

The Court denies Acuity's motion to preclude Western National from referencing any errors allegedly made by Holden Duluth Agency. The alleged errors identified by Acuity and Western National are directly relevant to the central fact issue that the jury will decide. The alleged errors are also admissible for impeachment purposes.

2

B.  **Plaintiff's Motion to Preclude Western National from Referencing – or Introducing Evidence – that Holden Duluth Agency Thought It Had Binding Authority to Make Changes to Johnson's Trucking Policy but that Holden Did Not Have Such Authority According to Acuity.**

The Court denies Acuity's motion to preclude Western National from referencing or introducing evidence that Holden Duluth Agency thought it had binding authority to make changes to Johnson's policy. Evidence that Holden employees Bauer and Rothe mistakenly stated that Holden had binding authority to make changes to Johnson's policy is admissible at trial. The evidence is relevant because it shows conflicting testimony between Acuity and Holden on the critical issue of when changes to Johnson's policy would be effective. The evidence is also admissible for impeachment of Holden employees.

C.  **Plaintiff's Motion to Preclude Western National From Suggesting that Johnson Did Not Have Exclusive Access to His Postal Box.**

The Court denies Acuity's motion to preclude Western National from suggesting that Johnson did not have exclusive access to his postal box. Acuity's motion is overly broad. Further, Acuity can address this issue during its cross-examination of Johnson.

## IV. DEFENDANT WESTERN NATIONAL'S MOTIONS IN LIMINE

### A. Defendant's Motion to Exclude All Evidence, Argument, Or Reference to J&B Trucking's Western National Insurance Policy.

The Court denies Western National's motion to exclude all evidence, argument or reference to J&B Trucking's Western National Insurance policy. The existence of J&B Trucking's Western National insurance policy is relevant to this case as the case is a dispute between two insurance companies over which company must provide coverage. The Court denies this motion in order to permit the parties to present the jury with a fair and accurate portrayal of the underlying dispute.

### B. Defendant's Motion to Exclude All Evidence, Argument, or Reference to the Dispute's Underlying Accident, Beyond the Parties' Stipulated Facts.

Acuity objects to this motion only to the extent it seeks to prevent evidence of Western National's insurance policy. As addressed above, the Court denies Western National's motion to preclude evidence of its insurance policy. Therefore, the Court grants Western National's motion to exclude all evidence, argument, or reference to the dispute's underlying accident beyond the stipulated facts.

### C. Defendant's Motion to Exclude the Testimony of Bob Magie, Acuity's Proposed Expert Witness.

Acuity does not object to this motion in limine because it does not intend to introduce Magie's testimony to the jury. Therefore, the Court grants Western National's motion in limine to exclude the testimony of Bob Magie.

### D. Defendant's Motion to Exclude The Testimony of Jennifer L. Weber, One of Acuity's Proposed Fact Witnesses.

The Court denies Western National's motion to exclude the testimony of Jennifer L. Weber. Although Acuity concedes that Weber was not disclosed during discovery, there is no evidence that the late disclosure is unfairly prejudicial to Western National. Acuity offered to make Weber available before trial for a trial deposition. Further, Western National should not be surprised that Acuity plans to call a witness to testify about the policy assembly team's procedures for mailing policies and notices to Acuity's insureds because Acuity underwriter Robert Nienhuis was asked about this topic during his deposition. Nienhuis identified the "policy assembly team" as the group responsible for mailing policies and notices to the insureds.

## V. PLAINTIFF ACUITY'S APRIL 25, 2013 LETTER

In light of the Court's Order denying Acuity's motion to dismiss Johnson [Docket No. 83], the Court denies Acuity's request to exclude certain portions of

the deposition transcripts as moot.

Accordingly, based upon the files and records herein, **IT IS HEREBY**

**ORDERED:**

1. Plaintiff Acuity's Motion In Limine [Docket No. 64] is **DENIED.**

2. Defendant Western National's Motion in Limine [Docket No. 52] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Defendant's Motion to Exclude All Evidence, Argument, Or Reference to J&B Trucking's Western National Insurance Policy is **DENIED;**

    b. Defendant's Motion to Exclude All Evidence, Argument, Or Reference to The Dispute's Underlying Accident, Beyond The Parties' Stipulated Facts is **GRANTED**;

    c. Defendant's Motion to Exclude The Testimony of Bob Magie, Acuity's Proposed Expert Witness is **GRANTED**; and

    d. Defendant's Motion to Exclude The Testimony of Jennifer L. Weber, One of Acuity's Proposed Fact Witnesses is **DENIED**.

3. Plaintiff Acuity's Motion to Exclude Certain Portions of Deposition Testimony [Docket No. 82] is **DENIED AS MOOT.**

Date: April 26, 2013  

s/ Michael J. Davis  
Michael J. Davis  
Chief Judge  
United States District Court