## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ACUITY, a Mutual Insurance Company,

      Plaintiff,

v.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 11-1748 (MJD/LIB)

BRYAN C. JOHNSON, Individually and d/b/a BCJ,
and WESTERN NATIONAL MUTUAL INSURANCE COMPANY,

      Defendant.

Beth A. Jenson Prouty and James F. Mewborn, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Counsel for Plaintiff Acuity.

Aaron M. Simon and Rolf E. Sonnesyn, Tomsche Sonnesyn & Tomsche, P.A., Counsel for Defendant Bryan C. Johnson.

Patrick J. Boley, Paul A. Sand, Paula Duggan Vraa, and John M. Bjorkman, Larson King, LLP, Counsel for Defendant Western National Mutual Insurance Company.

## I.    INTRODUCTION

      This matter is before the Court on Plaintiff Acuity's Motion for Judgment

as a Matter of Law or, alternatively, for a New Trial.  [Docket No. 95]

      This matter was tried before a jury and, on April 30, 2013, the jury returned

its verdict.  The jury found that in February 2010, Defendant Bryan C. Johnson did not instruct Plaintiff Acuity's agent, the Holden Duluth Agency, to remove his 1986 International tractor from his Acuity policy and replace it with his 1987 International tractor.  On May 3, 2013, the Court entered judgment on the jury's verdict.

Plaintiff Acuity now requests the court to enter judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or alternatively, requests a new trial pursuant to Federal Rule of Civil Procedure 59.

## II.      MOTION FOR JUDGMENT AS A MATTER OF LAW

Acuity moves for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b).  Western National opposes Acuity's motion on the grounds that Acuity failed to make the required motion at the close of evidence and before the case went to the jury.  Therefore, Western National concludes that Acuity is now precluded from filing a post-trial motion for judgment as a matter of law.

Acuity does not dispute that it did not formally move for judgment as a matter of law before the case went to the jury.  Acuity reasons that the 2006 amendments to Rule 50 do not require a party to renew a motion for judgment as

a matter of law at the close of all the evidence.  <u>See</u> Fed. R. Civ. P. 50 Advisory

Committee's Notes – 2006 Amendment.  Acuity maintains that it asked the Court

"to conclude there were no issues of fact to be decided by the jury" in its

Statement of the Case, in its Motions in Limine, and in its Motion to Dismiss

Johnson from the case.  [Docket Nos. 57, 67, 74]  Acuity further maintains that it

preserved its objection by arguing at trial that Western National lacked standing

to reform Acuity's policy.

The Court denies Acuity's motion for judgment as a matter of law.

Although the 2006 Amendments to Rule 50(b) removed the requirement that a

motion for judgment as a matter of law be made at the close of all the evidence, a

party is still required to make a Rule 50(a) motion in order to <u>renew</u> its

arguments in a Rule 50(b) motion.  "A motion under Rule 50(b) is not allowed

unless the movant sought relief on similar grounds under Rule 50(a) before the

case was submitted to the jury."  <u>See</u> <u>Exxon Shipping Co. v. Baker</u>, 554 U.S. 471,

486 n.5 (2008).

Even if the Court considers, for the limited purpose of ruling on the

underlying motion, that Acuity's motion is procedurally appropriate and

reviews the merits of its motion, the Court would reach the same decision and

deny Acuity's motion for judgment as a matter of law.  Acuity's motion for

judgment as a matter of law is not premised on the sufficiency of the evidence,

but instead on the argument that, as a matter of law, Western National's claim

that Acuity's policy provides coverage for Johnson's 1986 International tractor is

a claim for reformation.  Acuity reasons that because Western National does not

have standing to seek reformation of Acuity's policy, the Court should enter

judgment as a matter of law and hold that Acuity's policy does not provide

primary coverage to Johnson.

The Court disagrees with Acuity.  The parties' dispute centers on whether

Acuity or Western National must provide insurance coverage to Johnson for the

December 2010 accident.  The evidence and arguments presented by the parties

at trial do not relate to a claim for reformation.  Acuity acknowledged that

Western National had a tangible interest in the resolution of the coverage issues

when it named Western National as a defendant in its declaratory judgment

action.  Western National had standing to challenge coverage issues under the

Acuity policy as its coverage liability was dependent on whether and to what

extent Acuity's policy provided coverage.  See Rhone-Poulenc, Inc. v. Int'l Ins.

Co., 877 F. Supp. 1170, 1174 (N.D. Ill. 1995), vacated on other grounds Rhone-

Poulenc, Inc. v. Int'l Ins. Co., 71 F.3d 1299 (7th Cir. 1995).  Acuity's settlement

with Johnson does not alter Western National's standing on this issue.  Carlson

Mktg. Grp., Inc. v. Royal Indem. Co., 517 F. Supp. 2d 1089, 1117-18 (D. Minn.

2007) (refusing to give weight to a stipulation between policy holder and one of

the excess insurers regarding the terms of the underlying insurance policy).

Therefore, the Court denies Acuity's motion for judgment as a matter of law.

## III.    MOTION FOR A NEW TRIAL

In the alternative, Acuity moves for a new trial pursuant to Federal Rule of

Civil Procedure 59.  Acuity argues it is entitled to a new trial based on erroneous

jury instructions regarding burden of proof.  Acuity maintains that the Court

should have instructed the jury that it was Western National's burden to prove

that Johnson had coverage under Acuity's policy because the party seeking

reformation bears the burden of proof.

"A motion for [a] new trial is appropriately granted if the verdict is against

the weight of the evidence and if allowing it to stand would result in a

miscarriage of justice."  In re Air Crash at Little Rock, Ark., 291 F.3d 503, 508-09

(8th Cir. 2002).  A new trial is required "only if the error [in jury instructions]

misled the jury or had a probable effect on its verdict."  Burry v. Eustis Plumbing

& Heating, Inc., 243 F.3d 432, 434 (8th Cir. 2001) (citation omitted).  A district

court abuses its discretion by refusing to adopt a proposed jury instruction when

the proposed instruction: "(1) correctly state[s] the applicable law; (2) address[es]

matters not adequately covered by the charge; and (3) involve[s] a point so

important that failure to give the instruction seriously impaired the party's

ability to present an effective case." Cox v. Dubuque Bank & Trust Co., 163 F.3d

492, 496 (8th Cir. 1998) (citation omitted).  The third factor incorporates the

"requirement that failure to give a proposed instruction must result in prejudice

to the requesting party before a new trial will be ordered." Id. at 497.  A district

court, however, has broad discretion in framing instructions and need not give

every proposed instruction as long as the court adequately presents the law and

the issues to the jury.  Fleming v. Harris, 39 F.3d 905, 907 (8th Cir. 1994).

Moreover, the instructions are to be considered in their entirety to determine

whether, when read as a whole, the charge fairly and adequately submits the

issues to the jury.  Laubach v. Otis Elevator Co., 37 F.3d 427, 429 (8th Cir. 1994).

The Court determines that it did not err when instructing the jury on the

applicable burden of proof.  As the Court previously stated, the parties' dispute

centers on which insurer must provide coverage to Johnson.  The evidence at

trial showed and the jury found that in February 2010, Johnson did not instruct

Acuity's agent, Holden Duluth Agency, to remove his 1986 International tractor

from his Acuity policy and replace it with his 1987 International tractor.  Neither

Acuity nor the defendants presented a reformation claim to the jury.  The Court's

instruction complied with Minnesota law regarding an insurer seeking to avoid

or reduce its liability.  See Bolduc v. New York Fire Ins. Co., 69 N.W.2d 660, 665

(Minn. 1955).  Moreover, even if the Court had instructed the jury that it was

Western National's burden to prove reformation of the contract, there was no

prejudice to Acuity because, as the jury found, Johnson did not instruct Acuity's

agent to remove his 1986 International tractor from his policy and replace it with

the 1987 International tractor.

Accordingly, based upon the files and records herein, **IT IS HEREBY**

**ORDERED:**

> Plaintiff Acuity's Motion for Judgment as a Matter of Law or,
> alternatively, for a New Trial [Docket No. 95] is **DENIED.**

Date:  July 31, 2013                    s/ Michael J. Davis
                                        Michael J. Davis
                                        Chief Judge
                                        United States District Court